UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH E. LEWIS                                                    CIVIL ACTION

VERSUS                                                             NO. 14-1035

DAVID BAND, ATTORNEY AT LAW                                        SECTION "F"(1)

REPORT AND RECOMMENDATION

Plaintiff, Joseph E. Lewis, a state prisoner, filed this *pro se* and *in forma pauperis* federal complaint against attorney David Band concerning a fee dispute in a civil matter.

A federal court must examine the basis for federal subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Unless otherwise provided by statute, federal district courts have jurisdiction over (1) civil actions "arising under the Constitution, laws, or treaties of the United States" and (2) civil actions where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1331 & 1332(a)(1).

"When prosecuting a suit in federal court, the plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (quotation marks and brackets omitted). In the instant case, plaintiff has not met that burden. Clearly, his claim does not "arise under" federal law. Although he submitted his complaint on a form to be used by those asserting a civil rights claim under 42

U.S.C. § 1983, that statute is simply inapplicable here.  "Section 1983 creates a private right of action for redressing violations of federal law by those acting under color of state law."  Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  Plaintiff's claim does not allege a violation of federal law; rather, it is a private contractual dispute which is governed by state law.  Moreover, the defendant, an attorney in private practice, is not a state actor.  See, e.g., Mouton v. Louisiana, 547 Fed. App'x 502 (5th Cir. 2013).  Lastly, plaintiff does not allege and the complaint does not in any way indicate that diversity of citizenship exists or that the amount in controversy exceeds $75,000.

Because plaintiff has failed to identify a basis for this Court's jurisdiction, and because no basis for jurisdiction is apparent from the complaint, the undersigned recommends that this matter be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this ninth day of May, 2014.

                                               **SALLY SHUSHAN**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

[1]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.